# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Gregory Daniels, | Civil Action No. 4:18-3322-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Investigator Timothy Wade Compton, Solicitor John Jepertinger, and Detective George Clark, | |
| Defendants. | |

Before the Court is Plaintiff's motion to reopen this case (Dkt. No. 20) and motion for civil judgment (Dkt. No. 21). For the reasons set forth below, the Court grants Plaintiff's motion to reopen the case, denies the motion for civil judgment, and dismisses Plaintiff's claims with prejudice.

## I. **Background**

Plaintiff, a state prisoner at Lee Correctional Institution, brought suit for violation of his civil rights pursuant to 42 U.S.C. § 1983 alleging that Defendants committed perjury while testifying at his 2010 state trial and 2015 post-conviction relief hearings. Plaintiff sought monetary damages for lost wages, legal fees, "name slandering," false imprisonment, and pain and suffering. (Dkt. No. 1)

On December 13, 2018, the Magistrate Judge issued a Proper Form Order notifying Plaintiff that his case was subject to dismissal under Federal Rule of Civil Procedure 41 unless he brought the case into proper order by completing a summons form and a Form USM-285 by January 6, 2019 (a deadline of twenty-one days plus three days for service by mail). (Dkt. No. 8.) The time for compliance passed without a response from Plaintiff. On January 14, 2019, eight

days after the deadline, the Court dismissed the case pursuant to Rule 41. (Dkt. No. 14.) On January 14, 2019, judgment was entered. (Dkt. No. 16.) Also on January 14, 2019 (Dkt. No. 18-1 at 2)[1], Plaintiff filed a reply to the Proper Form Order. The reply described the alleged instances of perjury and requested that the Magistrate Judge impose a "civil judgment" of "five years imprisonment and/or $250,000 fine." (Dkt. No. 18 at 5.) On January 18, 2019 (Dkt. No. 19-2 at 2), Plaintiff filed the summons and Form USM-285 that had been requested in the Proper Form Order. (Dkt. No. 19, No. 19-1.) On February 5, 2019 (Dkt. No. 20-1 at 2), Plaintiff moved to reopen the case on the basis that an April 2018 riot resulted in Plaintiff being placed on lockdown status and caused "delays in mailroom movement." (Dkt. No. 20 at 2.)

## II. Legal Standard and Discussion

Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from a judgment for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (6). The motion for relief "must be made within a reasonable time," including "no more than a year after the entry of judgment or order" if the grounds for relief are "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(c)(1). Plaintiff moved to reopen the case twenty-two days after entry of judgment and the Court finds his alleged inability to engage in timely prison mailroom procedure due to a lockdown out of his control persuasive. The Court, therefore, grants Plaintiff's motion to reopen the case.

In reviewing Plaintiff's claims on their merits, the Court finds they are subject to dismissal. Trial witnesses sued under 42 U.S.C. § 1983 have "absolute immunity with respect to *any* claim based on the witness' testimony." *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) (citing *Briscoe v.*

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's filing is filed at the moment of delivery to prison authorities for forwarding to district court).

*LaHue*, 460 U.S. 325, 332-33 (1983)) (emphasis in original). Plaintiff's motion for civil judgment, seeking that Defendants be sentenced to five years' imprisonment and subject money damages, is a recitation of the allegations and arguments previously given in Plaintiff's reply to the Proper Form Order.[2] As a result, Plaintiff's claims against Defendants are dismissed with prejudice.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to reopen the case (Dkt. No. 20) is **GRANTED**, Plaintiff's motion for civil judgment (Dkt. No. 21) is **DENIED**, and Plaintiff's claims (Dkt. No. 1) are **DISMISSED WITH PREJUDICE** and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 14, 2019
Charleston, South Carolina

---

[2] Nor does Plaintiff appear to seek federal habeas corpus relief from his incarceration, such as on the basis of ineffective assistance of counsel at his state court proceedings. *See* Dkt. No. 1 at 6 (seeking money damages for "name slandering, false imprisonment, pain and suffering").